# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

RAYFIELD JOHNSON,            )
                             )
            Plaintiff,       )
                             )
      v.                     )   No. 08-4259-CV-C-SOW
                             )
MARTHA JONES, et al.,        )
                             )
            Defendants.      )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, a patient confined at Fulton State Hospital, a Missouri institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Martha Jones and two John Does.

Plaintiff requests the court order the Federal Bureau of Investigation to investigate his complaint that defendants made false entries in his records. Plaintiff further alleges he is forced to take medication against his will and wants the court to order a separate psychological evaluation.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute,

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Although involuntarily committed patients such as plaintiff are not prisoners, their "confinement is subject to the same safety and security concerns as that of a prisoner." Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004). Thus, the constitutional standards applied to an involuntarily committed mental patient are analyzed like that of a prisoner. Id. at 874-75 (holding that although mental patient's claim properly arises under Fourteenth Amendment, constitutional analysis applied to prisoner's Eighth Amendment claims was applicable).

Plaintiff essentially claims that defendants made a false conduct violation report involving him. Plaintiff's claims that he was wrongfully found guilty of a conduct violation are, in essence, due process claims. To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse change in their confinement. Sandin v. Connor, 515 U.S. 472, 478 (1995). If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause. Montanye v. Haymes, 427 U.S. 236, 242 (1976). See also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." Sandin, 515 U.S. at 485.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation. Id. at 481-83. There is no liberty interest in the use of certain

2

procedures by the state.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")).  Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484; Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001) (inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship'").

In the instant case, plaintiff alleges he was improperly put on telephone and mail restrictions until June 11, 2008, because defendants wrongfully found him guilty of trying to contact the victim of his crime.  Such temporary mail and telephone restrictions fail to allege an atypical and significant hardship.  Thus, these claims are not protected by Fourteenth Amendment due process and should be dismissed for failure to state a claim.

Plaintiff has also filed motions seeking a preliminary injunction regarding forced medications and an FBI investigation.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue.  American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980).  See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985).  In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr,

3

676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff's request for preliminary injunctive relief regarding an FBI investigation should be denied. Plaintiff's claims challenging his conduct violation and wanting an FBI investigation into the allegations contained in such violation should be dismissed for failure to state a claim; therefore, preliminary injunctive relief should be denied.

Plaintiff will be granted leave to proceed in forma pauperis on his claims regarding forced medication; however, his motions seeking a preliminary injunction regarding forced medication as a patient at Fulton State Hospital do not warrant preliminary injunctive relief; rather, such issues should be resolved via the normal processing of this case. Plaintiff's requests should be denied.

Although plaintiff's allegations challenging forced medications may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The records available to the court, however, indicate plaintiff is capable of paying a partial filing fee. See L.R. 83.7. Failure to pay the partial filing fee may result in dismissal of plaintiff's claims for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days

4

allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Plaintiff also filed motions for appointment of counsel, pursuant to 28 U.S.C. § 1915. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is

5

imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

IT IS, THEREFORE, ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice. [4, 5, 7] It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. [2] It is further

ORDERED that within thirty days, plaintiff pay a partial filing fee of $14.20. It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff. It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the complete names of the defendants and the addresses where they may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

6

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that defendants answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief be denied. [6, 9] It is further

RECOMMENDED that plaintiff's claims regarding a false conduct violation be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 25th day of February, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

7